Carol P. Richman, Esq. (CR1256)                    Date:  December 15, 2015
Law Office of Carol Richman                        Time:  9:30a.m.
158 Vineyard Avenue
Highland, NY 12528
845-419-3860
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————

In Re:

VERONICA HOSKING,
                                                   Case No. 14-35174 (CGM)
                                                   Chapter 13

                            Debtor.
——————————————————————————

     **PLEASE TAKE NOTICE,** that upon the annexed Cross-Motion of Debtor

Veronica Hosking. ("Ms. Hosking") by her attorneys, LAW OFFICE OF CAROL

RICHMAN, PLLC, dated November 24, 2015, the Affirmation of CAROL P.

RICHMAN, ESQ., dated November 24, 2015, and the Affidavit of VERONICA

HOSKING, the undersigned will move this Court, at the United States Bankruptcy Court,

355 Main Street, Poughkeepsie, New York, on December 15, 2015, at 9:30 a.m., or as

soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §362(a),

finding that THE BOARD OF MANAGERS OF THE ARBORS CONDOMINIUM

("ARBORS") violated the automatic stay by filing a lien in the Dutchess County Clerk's

Office on October 19, 2015 for pre- and post-petition arrears for common charges,

assessments and late fees, and pursuant to 11 U.S.C. §362(k), holding ARBORS liable

for its willful violation of the automatic stay, awarding to the debtor her attorneys' fees,

costs and disbursements of this motion, compensatory damages, and punitive damages,

and for such other and further relief as to the Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be served upon and received by counsel for the debtor at the address indicated below and filed with the Court together with proof of such service, no later than seven (7) days prior to the return date hereof.

Dated: Highland, New York
       November 24, 2015

                            Law Office of Carol Richman
                            *Attorney for the Debtor*

                 By:     */s/ Carol P. Richman*
                            Carol P. Richman, Esq. (CR1256)
                            158 Vineyard Avenue
                            Highland, NY 12528
                            ph: 845-419-3860
                            fx:  845-256-8412
                            crichman@modifybylaw.com

TO:    Sharon A. Reich, Esq.
        THE LAGUMINA LAW FIRM, PLLC
        2500 Westchester Avenue
        Purchase, NY 10577
        *Attorneys for the Bd. Of Managers of the Arbors*

        JEFFREY L. SAPIR, ESQ.
        Chapter 13 Trustee
        399 Knollwood Road
        White Plains, NY 10603

        United States Trustee
        74 Chapel Street
        Albany, NY 12207

Carol P. Richman, Esq. (CR1256)
Law Office of Carol Richman
158 Vineyard Avenue
Highland, NY 12528
845-419-3860
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

In Re:

VERONICA HOSKING,

                                                    Case No. 14-35174 (CGM)
                                                    Chapter 13

                      Debtor.
———————————————————————

**DEBTOR'S OPPOSITION TO MOTION OF THE BOARD OF MANAGERS OF THE ARBORS CONDOMINIUM FOR AN ORDER LIFTING THE AUTOMATIC STAY AND DEBTOR'S CROSS MOTION FOR AN ORDER HOLDING CREDITOR IN VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362((k).**

         Debtor, Veronica Hosking ("Ms. Hosking") submits this objection to the motion of the Board of Managers of the Arbors Condominium ("Arbors") to lift the automatic stay pursuant to 11 U.S.C. § 362(d). Ms. Hosking further cross-moves for an order holding creditor in violation of the automatic stay pursuant to 11 U.S.C. §362 (k).

PRELIMINARY STATEMENT

         1.       Arbors alleges that the stay should be lifted because the Ms. Hosking owes $20,806.18 (Arbor's Exhibit B, Claim 5-1) in pre-petition payments and $11, 137.58 in post-petition payments. Arbor's Exhibit C. Arbor claims that such pre-petition debts are now secured by a lien dated October, 19, 2015, which combines both pre-petition and post-petition debts to form a single lien. Arbor's Exhibit E.

2.      Contrary to Arbor's assertions, Ms. Hosking has been making substantial post-petition payments on Arbors Home Owner's Association ("HOA") fees, (Debtor's Exhibit 1) some of which have not been included in Arbor's transaction statement (Arbor's Exhibit C).  Further, more than half the $11, 137.58 amount that Arbors alleges is due post-petition is for attorney fees – fees that inexplicably appear almost monthly in Arbor's transaction history, and are excessive and without sound basis.

3.      Finally, Arbors transaction statement omits payments that Ms. Hosking has made; one on January 10, 2015 ($100);  and $425 that was not credited to her account at the time of Arbor's motion (dated October 30, 2015), even though the payments had been made on or about September 11, 2015 ($125) and October 6, 2015 ($200). Additionally, on or about November 3, 2015, Ms. Hosking made a payment of $405.00.

4.      To date, Ms. Hosking has paid Arbors $3,423.88 out of the $7,527.30 of its actual post-petition HOA fees. *Compare* Arbors Exhibit C with Debtor's Exhibit 1. As such, Arbors is and has been adequately protected throughout this action.

5.      Meanwhile, Arbors claims to be a secured creditor due to filing of a lien on October 16, 2015.  Arbor's Exhibit E.  However, such filing violates the automatic stay imposed by 11 U.S.C. §362 (a) (4) and is the subject of the cross-motion herein.

6.      To the extent that Arbors holds any valid lien – which it has not yet shown to hold  – such lien is dischargeable under  11 U.S.C. § 522(f) because the existence of the Creditor's lien on the Property impairs exemptions to which the debtor is entitled under 11 U.S.C. 522(b).

## BACKGROUND

7.      Ms. Hosking filed a Chapter 13 on January 31, 2014.  Arbors has alleged that prior to that filing, on August 2, 2013, it filed a summons, complaint and notice of pendency (Arbors Exhibit F) in the Dutchess County Clerk's Office and that the Dutchess County Supreme Court, by Order dated February 18, 2014, appointed a receiver of rent. *See* Arbors Exhibit G.

8.      Arbors admits that subsequently the automatic stay took effect upon the January 13, 2014 filing of the bankruptcy petition, prohibiting Arbors from further proceeding with its state supreme court action.

9.      Arbors filed it Proof of Claim, Claim 5-1 on May 12, 2014.  Arbors Exhibit B.  In this document, it listed a claim in the amount of $20,806.18 and alleged that such claim was secured.   The claim does not contain any evidence that shows it was secured. The account history attached to the claim shows that $8012.41, almost one-half of the alleged arrears was for attorneys fees.

10.     Both Arbors and Ms. Hoskings records concur that post-petition payments of HOA fees were paid soon after the bankruptcy filing.  Arbors Exhibit C and Debtor Exhibit 1.  Arbors records show that by October 1, 2015, Ms. Hosking had paid $2,718.88 toward HOA fees post–petition fees. Arbors Exhibit C.  Ms. Hosking's records show that by early November, 2015, she has paid Arbors $3,423.88  for post-petition HOA fees.

11.     In her bankruptcy, Ms. Hosking sought a mortgage loan modification through the filing her application for loss mitigation on March 04, 2014.  Such request was granted on July 8, 2014, and the loss mitigation program is still in effect.

12.     In its zeal to continue to secure pre-petition debt, and in violation of the automatic stay, on October 19, 2015, Arbors filed in the Duchess County Clerk's Office, a Notice Under the Condominium Act For Unpaid Common Charges.  The notice alleges that the notice's

> amount and purpose for which is due $31,943.14 for arrears and common charges, assessment and late charges thereon, and for related costs and expenses incurred in the collection of said common charges, assessment and late charges, including attorney fees, all hereinbefore accruing, and for all common charges, assessment, and late charges hereafter accruing plus interest thereon.

Arbors Exhibit E.

13.     Just days after, Arbors filed it motion for relief from the automatic stay. Annexed to it motion, is a form dated October 2, 2015, filled out by Shawn Williams, Property Manager, that appears to have been filed in support of Arbors motion. Ms. Williams alleges that the amount of pre-petition debt is $20,806.18.  Calculations in the form appear to be a bit problematic, with attorneys fees post-petition under-calculated ($7,641.25) and attorney fees post-petition over-calculated ($5,700.62).

### ARBORS' MOTION SHOULD BE DENIED

14.     Arbors motion does not provide any cause for modifying the automatic stay to allow the action to continue if state court beyond its mistaken assertion that it is now owed a post-petition debt.  Allowing Arbors relief from the automatic stay would impose a burden on the Debtor at a time when her limited resources should be devoted to the immediate task of transitioning from her financial hardship. Additionally, should any final judgment in favor of Arbors would prejudice other creditors, *i.e.,* the secured creditor and owner/holder of the mortgage and Note.

**A.  Ms. Hosking is Entitled to the Protection of the Automatic Stay**

15.  The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,* 474 U.S. 494, 503 (1986).  The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan,* 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted).  In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.,* 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).  Particularly, the automatic stay allows debtors to focus on their reorganization instead of litigation.  *Id.* at 48.

**B.  Arbors Has Not Shown that Cause Exists to Lift the Automatic Stay**

16.  Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances.  11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.,* 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000).

17.  Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause."  The statute does not define what constitutes "cause," however, courts in this circuit have determined that in examining whether cause exists they "must consider [the] particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *In re Mego Int'l, Inc.,* 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).  Thus, the decision whether to modify the stay is left to the discretion of the Bankruptcy Court.  *In re Marketxt Holdings Corp.* 428 B.R. 579, 584 (S.D.N.Y. 2010)

18.     "If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1285 (2d Cir. 1990). In *Sonnax*, the Second Circuit adopted twelve factors "to be weighed in deciding whether litigation should be permitted to continue" in a forum other than the bankruptcy court. *Id.* at 1286. These factors are

> (1) whether relief would result in a partial or complete resolution of the issue;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interest of the creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax,* 907 F.2d at 1286.

19.     The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors. *Id.* at 1285. If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Id.*

20.     Here, the Movants have failed to even allude to the *Sonnax* factors, much less make the requisite showing of cause thereunder.

21.     In the case, the ninth *Sonnax* factor, whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor is of relevance.  Here, Arbors filed to prefect its lien only several months ago, while the automatic stay has been in place.  As such, the filing should be voided.  Alternatively, Ms. Hoskings is entitled to file a motion to avoid any such judicial lien and reclassify such claim as unsecured, because, as Arbors readily admits, the property has no equity and therefore the existence of the lien on debtor's real property impairs exemptions to which the debtor is entitled under 11 U.S.C. 522(b).

22.     Further, Bankruptcy Code § 523(a)(16) states in part:

> nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

As such, Ms. Hoskings is entitled to have any pre-petition debt discharged.

23.     Additionally, the final *Sonnax* Factor, the balance of the harms, weighs heavily in favor of maintaining the stay.  Arbors does not provide credible evidence that it will suffer any prejudice if the stay is not lifted. Arbors does not dispute that Ms. Hosking has made many of the required post-petition mortgage payments. In fact, more than one half of the $11,137.58  that Arbor alleges are post-petition arrears are legal fees that appear almost monthly without any explanation.  Such fees include:

| | |
|---|---|
| 2/28/14 | $513.00 |
| 3/31/14 | $28.50 |
| 4/30/14 | $71.25 |
| 5/01/14 | $998.75 |
| 7/31/14 | $847.50 |

| Date | Amount |
|---|---|
| 8/31/14 | $212.25 |
| 9/30/14 | $213.75 |
| 10/31/14 | $142.50 |
| 11/30/14 | $580.62 |
| 12/31/14 | $71.25 |
| 1/31/15 | $114.00 |
| 2/28/15 | $85.50 |
| 3/31/15 | $99.75 |
| 4/30/15 | $99.75 |
| 8/31/15 | $156.75 |
| 9/30/15 | $1,094.25 |
| 10/01/15 | $300.00 |
| **Total** | **$5629.37** |

24.     Rather, the balance of harms weighs in favor of maintaining the automatic stay.  The interests of judicial economy and expeditious and economical resolution of litigation (*Sonnax* Factor No. 10) are best served by maintaining the automatic stay. Allowing the stay to be lifted would expose Ms. Hosking to foreclosure litigation, while she is in the process of trying to obtain a loan modification from secured creditor. Additionally, allowing Arbors relief from the automatic stay would impose a burden on the Ms. Hosking at a time when her limited resources should be devoted to the immediate task of transitioning from her financial hardship to paying Arbors for HOA fees, and keeping up with her trustee payments, which include payment to unsecured debts held by Arbors.

25.     In fact, Arbor's desired state court litigation would prejudice the interest of the Secured Creditor.  *See Sonnax* Factor Seven.

26.     Additionally, while Arbors is interested in pursuing its foreclosure action, it should take heed that its lien-foreclosure is an action in equity and Arbors has been accepting substantial post-petition HOA payments from Ms. Hoksing.  As such, it has such has no longer has a basis to foreclose on the property.

**C.     Arbors Has Violated the Automatic Stay**

27.     11 U.S.C. §362(a)(4) provides

>           (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>                                        ***
>                   (4) any act to create, perfect, or enforce any lien against property of the estate;

28.     In this case, Arbors has knowing and egregiously violated the automatic stay by attempting to perfect a lien by the filing of a notice in the Dutchess County Clerk's office on October 19, 2015.  Arbor's Exhibit E.

29.     Such filing was an attempt to be classified as a secured creditor for pre-petition debts allegedly owed by Ms. Hoskings for HOA late fees, late fees, special assessed fees and attorney fees.

30.     To add to the egregiousness of this illegal conduct, Arbors had no right to file such a lien even if the automatic stay were not in place, because in the state court action, no referee had yet computed an amount due to Arbors.  Rather, Arbor likely took this illegal liberty to combine pre- and post petition arrears so that it could bolster its claim that the automatic stay should be lifted in this case.

31.     Further, it is undisputed that Ms. Hosking was provided a copy of the filed lien notice in the motion to lift the automatic stay filed by Arbors.

32.     After reviewing the facts of this case, on November 24, 2015, Debtor's Counsel contacted Arbors's counsel requesting an adjournment.  Debtor's counsel also informed Arbor's counsel that the lien filed on October 19, 2015 violated the automatic

stay and provided the opportunity for Arbor to withdraw it motion.   *See* Affirmation of

Carol Richman, Esq.  Arbors did not do so.

> **D.**     **Pursuant to 11 U.S.C. §362(k), Arbors is Liable for Its Willful**
> **Violation of the Automatic Stay.**

33.     Pursuant to 11 U.S.C. §362(k),Ms. Hosking should be awarded her

Attorneys' fees, costs and disbursements of this motion, compensatory damages, and

punitive damages, and for such other and further relief as to the Court may seem just and

proper.

**CONCLUSION**

For the abovementioned reasons, Debtor respectfully requests that Arbor's motion be

denied in its entirety and that Ms. Hosking cross-motion be granted.

Dated:  November 24, 2015
        Highland, NY

Respectfully Submitted

*/s/ Carol P. Richman*
Carol P. Richman, Esq. (CR1256)
Law Office of Carol Richman
158 Vineyard Avenue
Highland, NY 12528
ph: 845-419-3860
fx:  845-256-8412
crichman@modifybylaw.com