After Recording Return To:
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

This Document Prepared By:
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

Current UPB: $126,011.13
New UPB: $154,748.51

Section: _____, Block: _____,
Lot: _____
_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: $100,000.00                                                      Loan No: ▇▇▇▇▇

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 10th day of March, 2016, between VERONICA C. HOSKING, A SINGLE PERSON, whose mailing address is 3 HOOK RD UNIT 64D, POUGKEEPSIE, NY 12601 ("Borrower") and Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated August 07, 2007 and recorded in Instrument No: 2007 11731, of the Official Records of DUTCHESS County, NY and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
3 HOOK ROAD, UNIT 64D, POUGKEEPSIE, NY 12601,
(Property Address)
the real property described being set forth as follows:

SEE ATTACHED LEGAL DESCRIPTION - EXHIBIT A

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of March 10, 2016, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $154,748.51, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $89,748.51 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New York            Form 3179 1/01 (rev. 4/14)
Accenture Mortgage Cadence Document Center © 8858 06/14                                              (page 1 of 5)

Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $65,000.00. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 3.500%, from March 1, 2016. Borrower promises to make monthly payments of principal and interest of U.S. $251.80, beginning on the 1st day of April, 2016, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 3.500% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be March 1, 2056.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

   (a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument

shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument- New York    Form 3179 1/01 (rev. 4/14)
Accenture Mortgage Cadence Document Center © 8655 06/14    (page 3 of 5)

In Witness Whereof, the Lender and I have executed this Agreement.

_____*Veronica C. Hosking*_____ (Seal)
VERONICA C. HOSKING -Borrower

_____ [Space Below This Line For Acknowledgments] _____
State of New York

County of __Ulster__

On the _18_ day of __March__ in the year _2016_ before me, the undersigned, personally appeared __Veronica C. Hosking__

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of individual taking acknowledgment.)

My commission expires: __9/14/18__

Origination Company: Rushmore Loan Management Services LLC
NMLSR ID: 185729

Danielle M. Carlson
NOTARY PUBLIC, State of New York
No. 01CA6263378
Qualified in Ulster County
Commission Expires September 14th 2018

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New York            Form 3179 1/01 (rev. 4/14)
Accenture Mortgage Cadence Document Center © 8858 08/14                                       (page 4 of 5)

Rushmore Loan Management Services LLC

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

STATE OF _____ )

_____ ) SS.:

On the _____ day of _____ in the year _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of individual taking acknowledgment.)

*7600008653*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New York
Accenture Mortgage Cadence Document Center © 8658 08/14

Form 3179 1/01 (rev. 4/14)
(page 5 of 5)

Loan No: ~~[redacted]~~

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

VERONICA C. HOSKING
3 HOOK ROAD, UNIT 64D
POUGHKEEPSIE, NY 12601

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this 10th day of March, 2016, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to $0.00 (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of $89,748.51 (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of March 1, 2056. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize $65,000.00, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____ /s/ Veronica C. Hosking _____ (Seal)
VERONICA C. HOSKING -Borrower

Rushmore Loan Management Services LLC

By: _____ (Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature

Accenture Mortgage Cadence Document Center © 9565 07/13        1 of 1

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ▉▉▉▉▉▉▉

FHA/VA Case Number:

Borrower(s):   VERONICA C. HOSKING

Property Address:   3 HOOK ROAD, UNIT 64D, POUGHKEEPSIE, NY 12601

Servicer:   Rushmore Loan Management Services LLC

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this 10th day of March, 2016.

_____*Veronica C. Hosking*_____ (Seal)
VERONICA C. HOSKING  -Borrower


Errors and Omissions/Compliance Agreement

04 - M?150

## LEGAL DESCRIPTION

Exhibit A

THE UNIT KNOWN AS UNIT NO. 64 D THEREINAFTER CALLED THE "UNIT" (IN THE BUILDING KNOWN AS THE ARBORE CONDOMINIUM IN THE TOWN OF HYDE PARK, COUNTY OF DUTCHESS AND STATE OF NEW YORK, THEREINAFTER CALLED THE "PROPERTY") DESIGNATED AND DESCRIBED AS UNIT NO. 64 D IN THE DECLARATION ESTABLISHING THE ARBORE CONDOMINIUM, MADE BY THE GRANTOR UNDER THE CONDOMINIUM ACT OF THE STATE OF NEW YORK (ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK), WHICH DECLARATION IS DATED APRIL 21, 1988 AND RECORDED IN THE OFFICE OF THE COUNTY CLERK, DUTCHESS COUNTY, NEW YORK ON THE 2ND DAY OF JUNE 1988, IN LIBER 1790-608, CLERK'S MINUTES NO. 1988/2141 AND WHICH UNIT IS ALSO DESIGNATED AS TAX LOT NO. 117-6163-03-000355. THE LAND ON WHICH THE BUILDING CONTAINING THE UNIT IS LOCATED LAND ON WHICH THE OTHER BUILDINGS FORMING A PART OF THE ARBORS CONDOMINIUM ARE LOCATED, IS DESCRIBED AS FOLLOWS:
ALL THAT CERTAIN PARCEL OR TRACT OF LAND, SITUATE, LYING AND BEING IN THE TOWN OF HYDE PARK, COUNTY OF DUTCHESS, STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT ON THE EASTERLY SIDE OF ALBANY POST ROAD. SAID POINT OF BEGINNING LYING NORTH 11 DEGREES 14 MINUTES 00 SECONDS EAST 200 FEET NORTHERLY FROM THE INTERSECTION FORMED BY THE EASTERLY SIDE OF THE ALBANY POST ROAD AND THE NORTHERLY SIDE OF LEGION ROAD FORMERLY KNOWN AS BIG MEADOW LANE, THENCE STILL ALONG SAID ROAD THE FOLLOWING COURSES:
NORTH 12 DEGREES 26 MINUTES 30 SECONDS EAST 117.66 FEET,
THENCE NORTH 1 DEGREE 17 MINUTES 40 SECONDS WEST 164.99 FEET,
THENCE NORTH 4 DEGREES 31 MINUTES 10 SECONDS WEST 581.31 FEET,
THENCE NORTH 0 DEGREES 02 MINUTES 10 SECONDS WEST 72.60 FEET TO THE SOUTHWESTERLY CORNER OF LAND NOW OR FORMERLY OWNED BY DONALD S. HOLDEN AND MARGARET D. HOLDEN, HIS WIFE,
THENCE ALONG THE SOUTHERLY BOUNDARY LINE OF SAID LAND SOUTH 83 DEGREES 58 MINUTES 50 SECONDS EAST 194.78 FEET TO A POINT,
THENCE ALONG THE EASTERLY BOUNDARY LINE OF SAID HOLDEN'S LAND NORTH 17 DEGREES 32 MINUTES 10 SECONDS EAST 72.83 FEET,
THENCE STILL ALONG SAID LAND NORTH 4 DEGREES 00 MINUTES 10 SECONDS EAST 83.78 FEET,
THENCE STILL ALONG SAID LAND NORTH 0 DEGREES 02 MINUTES 10 SECONDS EAST 143.84 FEET,
THENCE STILL ALONG SAID HOLDEN'S NORTHERLY BOUNDARY LINE NORTH 83 DEGREES 59 MINUTES 30 SECONDS WEST 24.40 FEET,
THENCE NORTH 0 DEGREES 28 MINUTES 20 SECONDS WEST 59.44 FEET,
THENCE NORTH 70 DEGREES 09 MINUTES 50 SECONDS WEST 22.59 FEET,
THENCE NORTH 33 DEGREES 45 MINUTES 10 SECONDS EAST 193.04 FEET,
THENCE NORTH 34 DEGREES 27 MINUTES 50 SECONDS WEST 12.13 FEET,
THENCE NORTH 26 DEGREES 24 MINUTES 10 SECONDS EAST 105.08 FEET,
THENCE SOUTH 81 DEGREES 23 MINUTES 50 SECONDS EAST 128.77 FEET,
THENCE NORTH 41 DEGREES 39 MINUTES 10 SECONDS EAST 32.32 FEET,
THENCE NORTH 84 DEGREES 30 MINUTES 10 SECONDS EAST 39.81 FEET,
THENCE NORTH 64 DEGREES 57 MINUTES 10 SECONDS EAST 71.39 FEET,
THENCE NORTH 12 DEGREES 30 MINUTES 50 SECONDS WEST 283.41 FEET TO THE SOUTHERLY SIDE OF DORSEY LANE,
THENCE ALONG DORSEY LANE SOUTH 86 DEGREES 23 MINUTES 50 SECONDS EAST 52.07 FEET,
THENCE SOUTH 17 DEGREES 36 MINUTES 50 SECONDS EAST 82.95 FEET,
THENCE SOUTH 21 DEGREES 35 MINUTES 10 SECONDS EAST 106.33 FEET,
THENCE SOUTH 3 DEGREES 49 MINUTES 30 SECONDS EAST 195.33 FEET,
THENCE SOUTH 12 DEGREES 36 MINUTES 50 SECONDS EAST 125.02 FEET.

THENCE SOUTH 71 DEGREES 39 MINUTES 50 SECONDS EAST 574.59 FEET.
THENCE NORTH 24 DEGREES 06 MINUTES 40 SECONDS EAST 570.01 FEET.
THENCE SOUTH 76 DEGREES 23 MINUTES 10 SECONDS EAST 509.83 FEET.
THENCE SOUTH 77 DEGREES 12 MINUTES 20 SECONDS EAST 106.71 FEET.
THENCE SOUTH 28 DEGREES 47 MINUTES WEST 171.20 FEET.
THENCE SOUTH 26 DEGREES 24 MINUTES 30 SECONDS WEST 297.70 FEET.
THENCE SOUTH 27 DEGREES 53 MINUTES 20 SECONDS WEST 219.51 FEET.
THENCE SOUTH 26 DEGREES 34 MINUTES 40 SECONDS WEST 213.06 FEET.
THENCE SOUTH 20 DEGREES 22 MINUTES 50 SECONDS WEST 424.32 FEET.
THENCE SOUTH 28 DEGREES 22 MINUTES 50 SECONDS WEST 220.36 FEET.
THENCE IN A SOUTHWESTERLY DIRECTION ALONG THE NORTHERLY SIDE OF HOOK ROAD DESCRIBING AN ARC OF 87.25 FEET WITH A RADIUS OF 239.20 FEET.
THENCE ALONG THE NORTHERLY SIDE OF HOOK ROAD SOUTH 50 DEGREES 43 MINUTES WEST 157.64 FEET.
THENCE STILL ALONG HOOK ROAD DESCRIBING AN ARC OF 44.55 FEET WITH A RADIUS OF 35.93 FEET TO THE NORTHERLY SIDE OF LEGION ROAD.
THENCE ALONG LEGION ROAD DESCRIBING AN ARC OF 26.29 FEET WITH A RADIUS OF 133.34 FEET.
THENCE ALONG LEGION ROAD NORTH 70 DEGREES 23 MINUTES 10 SECONDS WEST 143.59 FEET.
THENCE ALONG LEGION ROAD NORTH 54 DEGREES 02 MINUTES 40 SECONDS WEST 111.06 FEET.
THENCE NORTH 19 DEGREES 05 MINUTES 00 SECONDS EAST 579.77 FEET MORE OR LESS TO THE NORTHERLY CORNER OF WAITER HENION'S LAND.
THENCE ALONG SAID HENION'S NORTHERLY LINE NORTH 70 DEGREES 57 MINUTES 00 SECONDS WEST 417.42 FEET.
THENCE NORTH 78 DEGREE 46 MINUTES WEST 213.81 FEET.
THENCE SOUTH 11 DEGREES 14 MINUTES WEST 285.97 FEET ALONG THE WESTERLY SIDE OF POND ROAD,.
THENCE NORTH 78 DEGREES 46 MINUTES WEST 150 FEET.
THENCE SOUTH 11 DEGREES 14 MINUTES WEST 326.97 FEET.
THENCE NORTH 85 DEGREES 09 MINUTES WEST 48.16 FEET.
THENCE NORTH 80 DEGREES 08 MINUTES WEST 120.91 FEET.
THENCE SOUTH 11 DEGREES 14 MINUTES 00 SECONDS WEST 200.00 FEET TO THE NORTHERLY SIDE OF LEGION ROAD.
THENCE NORTH 00 DEGREES 08 MINUTES 00 SECONDS WEST ALONG SAID NORTHERLY SIDE OF LEGION ROAD 75.00 FEET TO THE INTERSECTION OF THE NORTHERLY SIDE OF LEGION ROAD WITH THE EASTERLY SIDE OF ALBANY POST ROAD.
THENCE NORTH 11 DEGREES 14 MINUTES 00 SECONDS EAST ALONG THE SAID EASTERLY SIDE OF ALBANY POST ROAD 200.00 FEET TO THE POINT OR PLACE OF BEGINNING.
TOGETHER WITH AN UNDIVIDED .612630 PERCENT OF INTEREST IN THE COMMON ELEMENTS OF THE PROPERTY DESCRIBED IN SAID DECLARATION THEREINAFTER CALLED THE "COMMON ELEMENTS".

BEING THE SAME PREMISES AS CONVEYED IN DEED FROM FEDERAL HOME LOAN MORTGAGE CORPORATION RECORDED ON 10/3/1996 IN DEED REFERENCE 1952-103 PAGE 1 IN SAID COUNTY AND STATE.